THE BOARD OF COMMISSIONERS OF ROADS AND REVENUES FOR THE COUNTY OF FLOYD, plaintiff in error, *vs.* WILLIAM S. HURD, defendant in error.

1. A non-resident plaintiff may, by complying with the provisions of the Act of Congress of March 2d, 1867, remove his case from a State tribunal to the next term of the Circuit Court of the United States to be held in the district in which said suit is pending, and this motion may be made at a term of the Court prior to that which said suit is returnable.

2. A county being suable by law in the State tribunals, is, though a portion of the State, subject to suit in the United States Courts.

3. Suits may properly be removed from a State Court into the Circuit Court of the United States, where the jurisdiction of the Circuit Court, if the suit had been originally commenced there, could not have been sustained.

Removal of cases. United States Courts. Jurisdiction. Before Judge McCUTCHEN. Floyd Superior Court. July Adjourned Term, 1872.

For the facts of this case, see the decision.

WRIGHT & FEATHERSTON ; ALEXANDER & WRIGHT, for plaintiff in error, argued as follows :

The motion was prematurely made, because the term of the Court had not arrived to which the case was returnable.

As to this motion, therefore, the whole proceeding was had at Chambers, and the Judge who heard the motion and granted the order was not sitting as a Court.

Judges cannot exercise any power out of term time except the authority is expressly granted ; but they may, by order granted in term time, render a judgment in vacation : New

The Board of Commissioners, etc., *vs.* Hurd.

Code, 249 ; 1 Kelly, 300, Watson *vs.* Jones; 37 Ga., 251, Solomon *vs.* Peters ; 24 Ga., 418, Brown *et al.*, *vs.* Smith ; 45 Ga., 300, Beall *vs.* Bailey. Could defendants have originated any motion themselves, as, for instance, a motion to dismiss for any reason in vacation, or even during a session which was being held before the return term of the case? They could not. If this be true, how can the plaintiffs originate a motion and have it heard under such circumstances ? The defendants were not in Court, and could not be considered in till the return term had arrived. The laws of this State give to the Judge certain powers which he can exercise in vacation, but he can exercise no others. The power to remove a cause must be exercised by the Court having jurisdiction. The July term, 1872, of the Superior Court has no jurisdiction of a case returnable to the January term, 1873 : Act of Congress, March, 1867 ; 40 Ga., 1, Stewart & Cutts, *vs.* Mordecai ; 41 Ga., 242, Peters *et al.*, *vs.* Peters. This Court has frequently passed upon the legal questions of removal—in some cases affirming and in others reversing the judgment of the Court below. In doing so, it has construed the laws of Congress as well as State laws in reference to the questions: 23 Ga., 480 ; 40 Ga., 1 ; 41 Ga., 417 ; 43 Ga., 142, 181 ; 45 Ga., 104; Mayor and Council of Macon *vs.* Cumming, July term, 1872 ; Sindell *vs.* McWilliams, *Ibid.*

The State of Georgia cannot be sued in the Federal Court, nor can she be sued in the State Court unless by special statute. If the statute authorizes a suit in the State Court, the suit must be confined to the State Court; and, being sued in the State Court, will not justify a removal to the Federal Court. Floyd county is a part of the State, and for the same reason cannot be sued in the Federal Court, nor be sued in the State Court without express authority of the Legislature, and this grant is limited and confined to the State Courts entirely. The Legislature of Georgia can confer no power on the Federal Court.

HILLYER & BROTHER; L. E. BLECKLEY, for defendant, submitted the following brief:

1st. Case removable at *any time:* Act of Congress, March, 1867, page 558.

2d. County non-suable as a corporation: Code of 1873, section 491. If a corporation, then it is a citizen, within the Act of 1867. As to removal : 12 Wallace, 270; 14 Wallace, 282.

3d. The suit is proper for purpose of settling all possible controversy as to the validity and amount of the debt, and to exhaust the property specially made liable by the Act authorizing the county to issue the bonds : Act of 1853–4, page 400.

WARNER, Chief Justice.

On the 5th day of July, 1872, the plaintiff, a citizen of the State of Connecticut, commenced his action in the Superior Court of Floyd county against said county of Floyd, and five other persons, alleged to be commissioners of roads and revenues for said county, to recover the sum of $16,650 00, besides interest, due him on certain bonds of said county. The suit was commenced in July, 1872, but too late to be returned to the July term of the Court in 1872, and was returned to the next January term, 1873. The July term of the Court was adjourned, and during the session of said adjourned Court, on the 13th of January, 1873, but before the regular term of the Court to which the plaintiff's suit was made returnable on the 20th of January, 1873, the plaintiff petitioned the Court to remove his case pending in the Superior Court of Floyd county, as aforesaid, to the Circuit Court of the United States for the Northern District of Georgia, alleging that he was a citizen of the State of Connecticut, and the defendant a citizen of the State of Georgia, and that he had reason to believe, and did believe that from local influence he would not be able to obtain justice in said State Court. The petition was accompanied by the affidavit and bond of the petitioner, as required by the Act of Congress, of 2d of March,

1867, providing for the removal of cases from State Courts to the Circuit Courts of the United States. The Court passed an order that the bond and security be accepted, and that the Court proceed no further in said suit, and that the clerk make out and deliver to the plaintiff a transcript of the record, proceedings, etc. Whereupon the defendant excepted.

1. By the amendatory Act of Congress, of the 2d March, 1867, it is enacted, "that where a suit is now pending or may be hereafter brought in any State Court in which there is controversy between a citizen of the State in which the suit is brought, and a citizen of another State, and the matter in dispute exceeds the sum of $500 00, exclusive of costs, such citizen of another State, whether he be plaintiff or defendant, if he will make and file in such State Court an affidavit stating that he has reason to, and does believe, that from prejudice or local influence he will not be able to obtain justice in such State Court, may, *at any time*, before the final hearing or trial of the suit, file a petition in such State Court for the removal of the suit into the next Circuit Court of the United States to be held in the district where the suit is pending, and offer good and sufficient surety for his entering in such Court, on the first day of its session, copies of all process, pleadings, depositions, testimony, and other proceedings in said suit, and doing such other appropriate acts as by the Act to which this Act is amendatory, are required to be done upon the removal of the suit into the United States Court, and it shall be, thereupon, the duty of the State Court to accept the security, and proceed no further in the suit, and the said copies being entered as aforesaid in such Court of the United States, the suit shall there proceed in the same manner as if it had been brought there by original process." There is no complaint that the plaintiff has not complied with the provisions of this Act of Congress as to the removal of cases pending in the State Courts to the Circuit Courts of the United States, but the complaint is that the application for removal was prematurely made to the State Court, inasmuch as it was made to the Court before the session thereof to which the suit was made

returnable, and because the Circuit Court of the United States has no jurisdiction of the case, that the State could not be sued in that Court, and the county of Floyd is a part of the State. The plaintiff's action is brought against the defendant for an alleged violation of a contract, and the law gives to him a remedy to enforce it by an action or suit at law: Code, 2217. Ordinary suits in the Superior Court shall be by petition to the Court, signed by the plaintiff or his counsel, plainly, fully and distinctly setting forth his charge or demand, substantially: Code, section 3256. When such petition is filed in the clerk's office of the Court, his indorsement thereon of the date of its filing in office shall be considered the time of the commencement of the suit: Code, sec. 2257. The plaintiff's petition against the defendant was filed in the clerk's office on the 5th day of July, 1872, and the suit was commenced on that day by the plaintiff against the defendant, and was pending in the Superior Court of Floyd county, within the terms and meaning of the Act of Congress. The application for removal was made to the Superior Court of that county when in session, according to law, but before the January term of the Court to which the suit was made returnable; the suit, however, was pending in that Court, nevertheless, and the Court, when lawfully in session, had the legal power and authority to hear and consider the application for its removal at the time when the same was made and allowed. The plaintiff may have believed that, from local influence he would not be able to obtain justice at the first term of the Court, that his case would be dismissed on demurrer, or for non-payment of taxes, or for some other cause produced by local influence, and for that reason desired to exercise his right of removal before the first term of the Court. The suit was commenced and pending in the Superior Court of Floyd county, and under the provisions of the Act of Congress, he had the right, *at any time* before the final hearing or trial of the suit, to petition the Court for its removal, and upon a compliance with the provisions of the Act for that purpose, it was the duty of the Court to grant the application

and proceed no further with the suit. It is as much the duty of the State Courts to obey the Constitution of the United States, and the Acts of Congress passed in *pursuance thereof*, as any other law—indeed, it is the supreme law of the land, and so expressly declared to be by the Constitution of the United States, and by the Constitution of this State. The Act of Congress, of the 2d March, 1867, has been decided by the Supreme Court of the United States to be a valid, constitutional law: Railway Company *vs*. Whitton, 13 Wallace Reports, 271.

2. It is true that the county of Floyd is a part of the State of Georgia, but it is also true that the State has, in the exercise of her sovereign authority, declared it to be a corporation, with power to sue or *be sued* in any Court—that is to say, in any Court of this State: Code, sec. 525. The State has given her consent that the county of Floyd may be sued as a corporation in any of the Courts of this State, and this privilege is not restricted to her own citizens, even if she could have done so under that provision of the Constitution of the United States which declares, "that the citizens of *each State* shall be entitled to *all privileges* and immunities of citizens in the several States." It has been repeatedly held by the Supreme Court of the United States that a corporation is a citizen for the purpose of giving to the Federal Courts jurisdiction: See Railway Company *vs*. Whitton, before cited, 13 Wallace, 290. The plaintiff, although a citizen of another State, had the right to sue the county of Floyd as a corporation, by the express assent of the State, in her Courts. This being so, then the Act of Congress before recited, which has been decided to be a valid, constitutional law, provides for the removal of the suit into the Circuit Court of the United States, for the causes and in the manner therein specified.

3. In the case of the City of Lexington *vs*. Butler, 14 Wallace's Reports, 293, Mr. Justice CLIFFORD, in delivering the opinion of the Court, says: "Suits may properly be removed from a State Court into the Circuit Court, in cases where the jurisdiction of the Circuit Court, if the suit had been originally

commenced there, could not have been sustained." Whether the plaintiff has a good cause of action against the defendant, or whether he can recover or obtain a judgment on the final trial of the case, was not the question for the Court below to decide, and it did not decide it. The only question made for the decision of the Court below was the right of the plaintiff to remove his case, commenced and pending against the defendant in that Court, to the Circuit Court of the United States, as provided by the Act of Congress of 1867. That was the only question decided, and that is the only question which this Court can review and decide.

Let the judgment of the Court below be affirmed.